```
              UNITED STATES BANKRUPTCY COURT
            FOR THE NORTHERN DISTRICT OF IOWA
```

IN RE:

FREEDOM FUELS, LLC                              Chapter 11

   Debtor.                              Bankruptcy No. 08-02468M

ORDER RE: APPLICATION FOR COMPENSATION
FILED BY SPECIAL COUNSEL

Michael W. Schley, of the law firm Larkin Hoffman Daly & Lindgren, Ltd. (hereinafter "Larkin Hoffman") applies for compensation for legal services provided as special corporate counsel to debtor-in-possession (Application, doc. 214; Supplement, doc. 232). Hearing on the application was held telephonically on September 24, 2009.

Schley appeared on his own behalf. Jeffrey D. Goetz of Bradshaw, Fowler, Proctor & Fairgrave, P.C. (hereinafter "Bradshaw Fowler") appeared as attorney for debtor Freedom Fuels, LLC (hereinafter "Freedom") and for Schley. Also attending the hearing was Dale McBride, President of Freedom. John F. Schmillen appeared on behalf of Habbo G. Fokkena, United States trustee. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B).

Freedom filed its chapter 11 petition on November 6, 2008. On December 19, 2008, Freedom applied for approval of its employment of Schley as special corporate counsel (doc. 51). Schley had represented Freedom prior to its bankruptcy filing,

and at the time of the filing, Freedom owed Schley and Larkin Hoffman $4,420.07 in outstanding prepetition fees and costs (doc. 51, ¶ 7). Because he was a creditor, and therefore not "disinterested," Schley could not be employed by Freedom in carrying out its duties in the bankruptcy case. 11 U.S.C. §§ 327(a) and 101(14)(A).

Thus Freedom sought to employ Schley and his firm in accordance with 11 U.S.C. § 327(e):

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e). The debtor-in-possession has all the rights and powers of a trustee serving in a chapter 11 case. 11 U.S.C. § 1107(a).

Freedom's application described the professional services which Schley and his firm would perform:

> To advise, counsel and assist the Debtor with respect to compliance with applicable state law regarding the Debtor and its existence during and after the conclusion of the bankruptcy case and to assist General Reorganization Counsel [Bradshaw Fowler] with general corporate matters in formulation of a plan of reorganization.

(Doc. 51, ¶ 5(a)). The court approved the employment on December 31, 2008 (doc. 67) but ruled that because Schley was not disinterested, and was employed pursuant to section 327(e), his

2

employment would be limited to advice and assistance on matters of corporate governance and compliance with state laws.  His advice and assistance as to plan formulation would be limited to Freedom's need to meet the requirements of 11 U.S.C. § 1123(a)(6) (doc. 67).

Freedom later found it necessary to expand the scope of Schley's employment to include reorganization matters.  It applied to employ Schley as a reorganization attorney (doc. 111).  Schley and Larkin Hoffman agreed to waive its prepetition claim against Freedom.  The amended application to employ Schley and Larkin Hoffman as reorganization attorneys was granted effective February 26, 2009 (doc. 142).  Schley and Larkin Hoffman later withdrew as attorneys for Freedom in order to represent a prospective postpetition lender in the case.  The court has awarded Schley $19,996.00 as final compensation for representing Freedom as a reorganization attorney from February 27, 2009 through April 24, 2009 (Order, doc. 234).

Schley now seeks final compensation for acting as special corporate counsel from November 4, 2008 through February 19, 2009 (docs. 214 and 232).  He seeks fees in the amount of $12,516.50 and reimbursement of expenses in the amount of $307.35 (id.).  Notice of the application was given to all creditors and parties-in-interest (doc. 215).  A deadline for filing objections to the application was given as August 26, 2009 (id.).  No

creditor or party filed objection.

The application shows that between November 4 and December 30, 2008, Schley and members and employees of his firm spent 23.50 hours on behalf of Freedom for which Larkin Hoffman seeks $7,132.50 in fees.  Of this amount $1,675.00 was billed for travel time.  Between December 31, 2008 and February 19, 2009 they spent 25.3 hours on behalf of Freedom for which firm seeks $5,384.00 in fees.

The court scheduled a telephonic hearing on Schley's application, and, on its own, raised the issue of whether Schley and Larkin Hoffman may be compensated for professional services rendered prior to the entry of the order approving the employment.  Attorney Goetz, on behalf of Freedom and Schley, argued that the approval of Schley's employment was and should be retroactive to November 6, 2008, the date of the bankruptcy petition.  The U.S. trustee contends that unless Schley can justify approval of his pre-retention compensation request under the facts and prevailing legal standards, compensation for services prior to December 31, 2008 should be denied (U.S. trustee's brief, doc. 235).  Freedom also has filed a memorandum in support of Schley's application (doc. 236).

The issue before the court is whether Schley's employment as special corporate counsel may relate back to the date of the filing of the bankruptcy petition, or to any date earlier than

4

December 31, 2008, thereby permitting his compensation for professional services rendered to Freedom prior to December 31. Stated another way, may and should the court award compensation to Schley for services rendered to Freedom prior to December 31, 2008, the date of the order approving Schley's employment?

Freedom's application to employ Schley as special counsel was filed December 19, 2008. It made no request that the approval of the appointment relate back to any earlier date, what has been called a *post facto*, or after the fact authorization.[1] The language of Freedom's application is entirely prospective, with the requested relief that debtor "be authorized . . . to employ Michael W. Schley, Esq., and his law firm as Special Corporate Counsel . . . " (doc. 51 at 3). The court's order does not give retroactive effect as to the date of approval (doc. 67).

Attorney Goetz argues that there is a custom and practice in the Northern and Southern Districts of Iowa that if applications to employ professionals are filed within 30 days of the petition date, then there is no need to seek *post facto* approval. He contends that approval is automatic and effective as of the date of the bankruptcy petition.

---

[1] The First Circuit Court of Appeals has called such a request one for "*post facto*" authorization for legal services. In re Jarvis, 53 F.3d 416, 418 & n.2 (1st Cir. 1995). I will adopt the same terminology when necessary rather than use the term "*nunc pro tunc*." See Matter of Singson, 41 F.3d 316, 318 (7th Cir. 1994).

5

I know of no such custom or practice in the Northern District. Attorney Goetz, whose office is in Des Moines, has cited no case from the Southern District which mentions, discusses, or upholds such a custom or practice. Goetz says the custom exists in other courts also.

Even if such a custom and practice does exist somewhere, it would appear inapplicable in the pending matter. The application to employ Schley was filed 43 days after the petition date. Goetz counters that the custom is 30 business days, and therefore the custom would apply. I find and conclude that no such custom and practice exists in the Bankruptcy Court for the Northern District.

Goetz urges the court to adopt and apply in this case a presumption that professional services performed within 30 days prior to the application for a retention order are compensable. In support of such a "reasonable time rule" Goetz cites In re Sinor, 87 B.R. 620, 623 (Bankr. E.D. Calif. 1988). In that case, the court said it favored adopting such a rule regarding fees incurred during the "gap period," the period from the commencement of services until the order of appointment. The court recognized that often a debtor's attorney must handle post-filing matters before an employment application is filed. Id. Still, the court recognized that the professional must meet, at minimum, two requirements: "a satisfactory explanation for the

failure to receive prior judicial approval and a significant benefit to the estate." Id. at 622.

Last, Goetz argues that even if a "gap period" rule is not adopted by the court, the court should approve Schley's pre-employment fees as a matter of fundamental fairness (Brief, doc. 236 at 7-11). Goetz admits it was his responsibility to file Freedom's application to employ Schley and Larkin Hoffman. He states that the application was filed in a reasonable time given the dynamics of the case. He represents also that the services performed by Schley prior to appointment involved normal corporate matters, and that Schley had performed such services without having been informed by Freedom that it had filed a bankruptcy petition (Brief at 10). According to Goetz, Schley was informed of the bankruptcy only "a few days" before the application to employ him was filed (id.). He points out that Freedom failed to list either Schley or Larkin Hoffman as a creditor on its schedules. Goetz says he first discussed with Schley the need for court approval of his appointment one day prior to filing the application. Goetz states that Schley's services prior to appointment dealt with Freedom's annual meeting and other matters of corporate governance. This is borne out by the itemization of services attached to the fee application, and I find that the services did benefit the debtor's estate.

Goetz also asserts that four other professionals who were

7

retained by Freedom in the case received retroactive treatment of their employment applications. There is nothing in their applications or in the orders approving their employments that shows this is true. It is not. See Bradshaw Fowler application (doc. 8), Order approving (doc. 13); Core Ventures's consultant's application (doc. 50), Order approving (doc. 72); Christianson auditor application (doc. 49), Order approving (doc. 68); New Mech engineer application (doc. 86), Order approving (doc. 95).

## Discussion

A trustee or debtor-in-possession may employ professional persons only with court approval. 11 U.S.C. § 327(a). Approval of employment is a necessary predicate to compensation. 11 U.S.C. § 330(a). The Bankruptcy Code does not expressly forbid the entry of *post facto* retention orders, under proper circumstances. In Fanelli v. Hensley (Matter of Triangle Chemicals, Inc.), 697 F.2d 1280 (5th Cir. 1983), the court stated:

> We thus find that neither bankruptcy statute nor rule preclude the bankruptcy judge in the exercise of its sound discretion, and as a court of equity administering equitable principles, from entering an order nunc pro tunc authorizing the employment of an attorney for the debtor in possession, even after the attorney (who *should* have secured prior approval for his retainer) has performed valuable services for the debtor's estate that have increased the common funds available for distribution to the creditors.

Id. at 1289. Such a flexible approach has been adopted by courts

within the Eighth Circuit.  <u>See</u>, <u>e.g.</u>, <u>Matter of Interco, Inc.</u>, 135 B.R. 363, 365 (Bankr. E.D. Mo. 1991); <u>In re Glinz</u>, 36 B.R. 17, 19 (Bankr. N.D. 1983).

The Eighth Circuit Court of Appeals in a different but similar context has decided that "in limited circumstances, the bankruptcy court as a matter of fundamental fairness may exercise its discretion and enter a nunc pro tunc order authorizing compensation."  <u>Lavender v. Wood Law Firm</u>, 785 F.2d 247, 248 (8th Cir. 1986).  The Circuit Court affirmed the bankruptcy court's decision to deny a law firm's retention of a retainer received without prior court approval.  However, the court's ruling as to a bankruptcy court's discretion has been applied to requests for compensation for services provided prior to the approval of employment.  <u>In re Koerkenmeier</u>, 344 B.R. 603, 608 (Bankr. W.D. Mo. 2006).

Courts vary in the description of the circumstances under which such *post facto* orders should be entered.  The Third Circuit Court of Appeals has held that retroactive appointment of professionals should be approved only if the attorney can demonstrate "extraordinary circumstances.  Such circumstances do not include the mere neglect of the professional who was in a position to file a timely application."  <u>Matter of Arkansas Co., Inc.</u>, 798 F.2d 645, 650 (3rd Cir. 1986).  The Tenth Circuit Court of Appeals also requires a showing of extraordinary

9

circumstances. <u>Land v. First National Bank of Alamosa (In re Land)</u>, 943 F.2d 1265, 1267-68 (10th Cir. 1991). So also does the First Circuit Court of Appeals. <u>In re Jarvis</u>, 53 F.3d 416, 418 (1st Cir. 1995). The Seventh Circuit Court of Appeals requires a showing of only excusable neglect. <u>Matter of Singson</u>, 41 F.3d 316, 319-20 (7th Cir. 1994). The Bankruptcy Court for the Southern District of Iowa requires a showing of "exceptional circumstances." <u>Matter of Independent Sales Corp.</u>, 73 B.R. 772, 773 (Bankr. S.D. Iowa 1987).

The Eighth Circuit Court in <u>Lavender v. Wood</u> has required only that the bankruptcy court limit the circumstances under which it will enter *post facto* orders. 785 F.2d at 248. The purpose of such limitation should be to "encourage compliance with the requirements of § 327," <u>In re Koerkenmeier</u>, 344 B.R. at 608, and to prevent easy circumvention of the Bankruptcy Code's requirement of prior approval of professional employment. <u>In re Emco Enterprise, Inc.</u>, 94 B.R. 184, 187 (Bankr. E.D. Cal. 1988).

Courts have devised sets of criteria to determine whether the required circumstances exist. See <u>Matter of Arkansas Co., Inc.</u>, 798 F.2d at 650; <u>In re Twinton Properties Partnership</u>, 27 B.R. 817, 819 (Bankr. M.D. Tenn. 1983).

I do not consider that any particular set of criteria is mandated for determining whether the circumstances of the case warrant *post facto* approval of compensation for professional

10

services provided to a trustee or debtor-in-possession prior to the entry of the order approving employment.

I find that the circumstances in this case warrant approval of Schley's fees for services provided from November 6, 2008, the date of the bankruptcy filing, to December 31, 2008, the date of the order approving his and Larkin Hoffman's employment. I consider the following factors relevant. Schley is not a bankruptcy practitioner. He was not told by Freedom or Bradshaw Fowler of Freedom's bankruptcy filing. He was not listed as a creditor, although he or his firm was owed money for prepetition fees. The work performed was necessary to the debtor and to the estate. It involved Freedom's annual meeting and other matters of corporate governance, and Freedom's obligations under state law. Until shortly before the application to employ was filed, Schley was not informed about the requirement of court approval. The responsibility for the application to employ was that of Bradshaw Fowler, not Schley, and Bradshaw Fowler did not timely file the application. Schley has given a satisfactory explanation of the failure to obtain approval of his employment prior to his rendering of services to the debtor.

The fees and expenses requested by Schley and Larkin Hoffman will be approved with two exceptions. Schley requests time for travel at full hourly rates. This court limits non-legal travel time to one-half the hourly rate. The travel time request was

for $1,675.00.  The court will allow $837.50.  Second, the request for compensation for .30 hours on November 4, 2008, prior to the bankruptcy filing, will be disallowed.

Schley and Larkin Hoffman will be awarded fees in the amount of $11,634.00 and reimbursement of expenses in the amount of $163.25 for a total allowance of $11,797.25.[2]  Pursuant to 11 U.S.C. § 330, I find such compensation is reasonable and is for actual and necessary services rendered to the debtor-in-possession.  The award is an administrative expense under 11 U.S.C. § 503(b)(2).

IT IS ORDERED that Michael W. Schley and the law firm of Larkin Hoffman Daly & Lindgren, Ltd. are awarded $11,634.00 in professional compensation and $163.25 for reimbursement of expenses, for a total award of $11,797.25.

DATED AND ENTERED  November 4, 2009

William L. Edmonds, Bankruptcy Judge

---

[2] The application had requested $307.35 in expense reimbursement.  However, $144.10 of that amount was allowed under Schley's application as reorganization counsel.  The correct amount is $163.25